UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Case No: 2:03-CR-00172 |
| | ) | |
| ANTONIO SHERROD JONES, | ) | |
| | ) | |
| Defendant. | ) | |

MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE
PURSUANT TO TITLE 28 U.S.C. § 2255

Petitioner Antonio Sherrod Jones, by counsel, files this Motion to Vacate, Set Aside, or

Correct Sentence entered on October 06, 2004, because this Court unlawfully imposed a

sentence of 310 months, based in part on an unconstitutionally imposed state conviction that has

since been vacated.  In support of his motion, Jones states as follows:

BACKGROUND

Jones pled guilty in January 2004 to conspiracy to distribute and possess with intent to

distribute 50 grams or more of crack cocaine, in violation of 21 U.S.C. § 846.  Jones's total

offense level was 37, and his criminal history score was determined to be IV based on eight

criminal history points arising from four minor convictions.  The resulting Guidelines range was

292-365 months.  On October 06, 2004, this Court imposed a 310-month sentence.

It was only after receiving the Pre-Sentence Investigation Report from the United States

Probation Office, in or about September 2004, that he became aware of a conviction dated

August 18, 1999, for driving after having been adjudicated as an habitual offender in the Circuit

Court for Arlington County, Virginia.  In June, July, and September of 2005, Jones wrote the

clerk for the Circuit Court for Arlington County on multiple occasions, explaining that he had

been tried and convicted in his absence, without the assistance of counsel, as guaranteed by Sixth

1

Amendment.  He requested the court vacate the conviction on multiple occasions.  *See Exhibit A*, 2005 Correspondence with Arlington County Circuit Court.  The court did not reply to Jones's multiple *pro se* requests.  Later in September 2014, Jones, who was *pro se*, again asked the court to vacate the conviction based on the illegality of the proceedings.  *See Exhibit B,* Motion to Vacate Conviction dated August 20, 2014.  Again, he received no response.  Next, Mr. Jones was able to retain undersigned counsel who subsequently contacted the Commonwealth's Attorney Office for Arlington County and the Arlington County Circuit Court Clerk, and once again requested that the subject conviction be vacated.  The Commonwealth's Attorney Office did not oppose his motion.  *See Exhibit C*.  Finally, on December 3, 2014, the Circuit Court for Arlington County did so, and issued an Order vacating the conviction.  *See Exhibit D*, Order to Vacate Conviction.

## DISCUSSION

The Supreme Court has held that a defendant who successfully attacks a state sentence may then apply for reopening of any federal sentence enhanced by the state conviction.  *Custis v. United States*, 511 U.S. 485, 497 (1994).  Courts in this circuit have held that when the Guidelines calculation at the time of sentencing was not affected until after the state conviction was later vacated, the federal sentence is ripe for attack under § 2255.  *See United States v. Dorsey,* No. 14-6440, 2015 WL 2445376, at *2 (4th Cir. May 22, 2015).  Moreover, although Mr. Jones has previously filed a *habeas* petition, this § 2255 motion seeking resentencing is not considered successive because the facts relied on "did not exist when the numerically first motion was filed and adjudicated."  *United States v. Hairston*, 754 F.3d 258, 262 (4th Cir. 2014).

In *Johnson v. United States*, 544 U.S. 295 (2005), the Supreme Court held that the § 2255 one-year limitation period begins to run when the petitioner receives notice of the order vacating

the prior conviction, "provided that he has sought it with due diligence in state court after entry of judgment in the federal case in which the sentence was enhanced." *Id.* at 296.

As shown in Exhibit A, Jones exercised due diligence is seeking vacatur, after entry of the judgment in the present case. In Jones's case, the Circuit Court for Arlington County took nearly fifteen years to vacate the unconstitutionally rendered conviction that enhanced his criminal history categorization. However, Jones wrote the court on many occasions to request that the conviction be overturned since he was tried in his absence without his lawyer present, but the court did not respond to his *pro se* requests. *Exhibit A.* Almost a decade later and after moving about the Bureau of Prisons system and losing some of his paperwork in the process, with the assistance of counsel, the court finally vacated the conviction after an additional four months of delay. Therefore, because he used due diligence to invalidate the subject conviction which placed him as a Category IV offender, and the Circuit Court for Arlington County has vacated the conviction due to its illegality, Jones is entitled to relief under 28 U.S.C. § 2255.

## CONCLUSION

For the foregoing reasons, Antonio Sherrod Jones prays that this Honorable Court GRANT his petition, pursuant to 28 U.S.C. § 2255(a), and remand the case for resentencing accordingly.

Respectfully submitted,

ANTONIO SHERROD JONES

By:   /s/ _____

Charles E. James, Jr. (VSB #46310)
Daniel P. Watkins (VSB #84592)
cjames@williamsmullen.com
dwatkins@williamsmullen.com
WILLIAMS MULLEN
200 South 10th Street
P. O. Box 1320
Richmond, Virginia 23218-1320
804.420.6529
804.420.6507 (FAX)
*Counsel for Defendant*

4

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 11th day of August, 2015, I will electronically file the

foregoing with the Clerk of Court using the CM/ECF system which will send notification of such

filing to the following:


Laura Pellatiro Tayman
United States Attorney Office (Newport News)
721 Lake Front Commons Suite 300
Newport News, VA 23606
Email: Laura.Tayman@usdoj.gov

Andrew C. Bosse
U.S. Attorney's Office
101 W Main St Suite 8000
Norfolk, VA 23510
Email: andrew.bosse@usdoj.gov


By: /s/_____
Charles E. James, Jr. (VSB #46310)
Daniel P. Watkins (VSB #84592)
cjames@williamsmullen.com
dwatkins@williamsmullen.com
WILLIAMS MULLEN
200 South 10th Street
P. O. Box 1320
Richmond, Virginia 23218-1320
804.420.6529
804.420.6507 (FAX)
*Counsel for Defendant*

5