

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

ANTONIO SHERROD JONES,
                 Petitioner,

v.                                        Criminal No. 2:03cr172

UNITED STATES OF AMERICA,
                 Respondent.

## ORDER

This matter is before the Court on a Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, pursuant to 28 U.S.C. § 2255, filed by Petitioner Antonio Sherrod Jones ("Mr. Jones"). ECF No. 105. Mr. Jones seeks resentencing because he contends that his criminal history score was calculated improperly. For the following reasons, this Motion is DENIED.

## FACTUAL AND PROCEDURAL HISTORY

On January 27, 2000, Mr. Jones was convicted for "driving after having been adjudicated an habitual offender," a Virginia state offense (hereinafter referred to as the "Arlington conviction"). Subsequently, on January 14, 2004, Mr. Jones pled guilty in this Court to Conspiracy to Distribute and Possess with Intent to Distribute Five Kilograms or More of Cocaine and Fifty Grams or More of Cocaine Base, in violation of 21 U.S.C. §§ 846 and 841(a)(1), 841(b)(1)(A)(ii)(II), and 841(b)(1)(A)(viii). ECF No. 33. Mr. Jones received two criminal history points for the Arlington conviction, which contributed to the calculation of his Criminal History Category of IV for purposes of his federal sentencing. On October 6, 2004, Mr. Jones was sentenced by this Court to a term of 310 months' imprisonment, followed by five years of supervised release. ECF No. 38.

1

On September 8, 2014, Mr. Jones retained counsel and moved to vacate the Arlington conviction. *Id.* The Commonwealth chose not to object, and an order vacating the Arlington conviction was filed on December 31, 2014 by the Arlington County Circuit Court. *Id.*

Mr. Jones filed a Motion to Vacate pursuant to 28 U.S.C. § 2255 on December 11, 2007. On July 9, 2008, this Court dismissed the motion as untimely and also concluded that even if the petition were timely, the motion was unwarranted because the record did not support Mr. Jones's claims of ineffective assistance of counsel.

In support of the instant Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, Mr. Jones argues that the motion is timely and should not be construed as successive because the Arlington conviction had not been vacated when his first § 2255 motion was adjudicated. *See United States v. Hairston*, 754 F.3d 258, 262 (4th Cir. 2014) (holding that a numerically second § 2255 motion should not be considered second or successive pursuant to § 2255(h) where the facts relied upon by the movant seeking resentencing did not exist when the numerically first motion was filed and adjudicated).

Furthermore, Mr. Jones claims that he exercised due diligence in seeking the vacatur of the Arlington conviction, consistent with the principles enunciated in *United States v. Johnson*, 544 U.S. 295, 296, 308 (2005) (holding that the § 2255 one-year limitation period begins to run when the petitioner receives notice of the order vacating the prior conviction, as long as the petitioner "has sought [vacatur of the prior conviction] with due diligence in state court after entry of judgment in the federal case in which the sentence was enhanced."). Mr. Jones seeks resentencing in light of the vacatur of the Arlington conviction, which he alleges enhanced his criminal history score improperly.

2

The Government responds that Mr. Jones's § 2255 Motion is untimely because he is unable to show that he exercised the requisite due diligence in seeking the vacatur of the Arlington conviction. ECF No. 124. The Government also argues that Mr. Jones's § 2255 Motion fails to present a cognizable ground for relief under § 2255 because the relevant consequences of successfully vacated Arlington conviction did not create a fundamental defect that would entitle Mr. Jones to resentencing. *Id.*

<u>APPLICABLE LEGAL PRINCIPLES</u>

A petitioner collaterally attacking a sentence or conviction bears the burden of proving that (1) the sentence or conviction was imposed in violation of the United States Constitution or federal law, or (2) the Court was without jurisdiction to impose such a sentence, or (3) the sentence exceeded the maximum authorized by law, or (4) the sentence is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a). "A non-constitutional error, however, may only serve as a basis for collateral attack when it involves 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Id.* (quoting *United States v. Addonizio*, 442 U.S. 178, 185 (1979)). Ordinary misapplication of the sentencing guidelines does not amount to a complete miscarriage of justice. *United States v. Mikalajunas*, 186 F.3d 490, 496 (4th Cir. 1999).

A collateral attack under 28 U.S.C. § 2255 is far more limited than a direct appeal. The doctrine of procedural default bars the consideration of a claim that was not timely raised during the original proceedings or on appeal. *See, e.g., United States v. Pettiford*, 612 F.3d 270, 280 (4th Cir. 2010) ("In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, the movant must show cause and actual prejudice resulting from the errors of which he complains.") (internal quotation and citation omitted).

A person convicted of a federal offense has one year to file a § 2255 motion, starting from the latest of (1) the date on which the judgment of conviction becomes final, or (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action, or (3) the date on which the right asserted was initially recognized by the United States Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2255(f).

Typically, a § 2255 petition must be filed within one year of the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f)(4). In situations involving vacatur of a prior conviction, the one-year limitations period begins to run when a petitioner "receives notice of the order vacating the prior conviction, provided that he has sought it with due diligence in state court, after entry of judgment in the federal case with the enhanced sentence." *See Johnson v. United States*, 544 U.S. at 298. Due diligence can be shown by the petitioner's "prompt action . . . as soon as he is in a position to realize that he has an interest in challenging the prior conviction." *Id.* at 308.

The Antiterrorism and Effective Death Penalty Act of 1996 mandates that if a defendant has already filed one motion for collateral relief under 28 U.S.C. § 2255, a second or successive motion must be certified by a panel of the appropriate appellate court. The panel must find that (1) newly discovered evidence (if proven and viewed in light of the evidence as a whole) would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense, or (2) there exists a new rule of constitutional law,

4

made retroactive to cases on collateral review by the United States Supreme Court, that is applicable to the particular motion and was previously unavailable at the time the initial § 2255 motion was filed. *See* 28 U.S.C. § 2255(h); *see also Hairston*, 754 F.3d at 262.

## ANALYSIS

### A. Successive § 2255 Motion

Mr. Jones contends that the instant § 2255 Motion should not be construed as successive. He argues that because the Arlington conviction had not been vacated when his first § 2255 motion was filed and adjudicated, this subsequent motion should be permitted. *See Hairston*, 754 F.3d at 262. This Court agrees that this motion is not successive.

Mr. Jones's Arlington conviction was vacated more than six years after his first § 2255 motion was filed and adjudicated. The instant § 2255 Motion relies entirely on the now vacated Arlington conviction, which constitutes new evidence that did not exist when the first § 2255 motion was filed and adjudicated. The Government concedes that Mr. Jones was not required to seek approval from the Court of Appeals for the Fourth Circuit to file the instant Motion. "[U]nder *Hairston* and *Johnson*, Jones was not required to seek Court of Appeals approval to file this numerically second § 2255 motion, and he appropriately filed this § 2255 motion within one year of the state order vacating the Arlington conviction." ECF No. 124. Therefore, this Motion is not successive under § 2255(h). Approval and certification from the Fourth Circuit was not required.

### B. Timeliness

#### i. One Year Limitations Period

The one year limitations period in 28 U.S.C. § 2255(f)(4) began to run when Mr. Jones received notice of the order vacating the Arlington conviction on December 31, 2014. That was

the date on which the facts supporting Mr. Jones's claim "could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f). Mr. Jones filed the instant Motion less than one year later. Mr. Jones filed this § 2255 Motion within one year of the state order vacating the Arlington conviction in accordance with 28 U.S.C. § 2255. Therefore, the Motion was timely because Mr. Jones filed it before the one year limitations period deadline of December 31, 2015.

### ii. Due Diligence in Seeking Vacatur of the State Conviction

The Government argues that Mr. Jones did not seek to vacate the Arlington conviction with due diligence, and that, therefore, the instant § 2255 Motion should be denied as untimely. The Government contends that Mr. Jones's attempts to challenge the Arlington conviction were not pursued expediently or effectively.

Mr. Jones claims that he learned about his outstanding state sentence warrant in October 2004 through a Pre-Sentence Investigatory Report that was conducted in relation to his underlying federal charge. Mr. Jones contends that he exercised due diligence in seeking to vacate the Arlington conviction, and is therefore entitled to attack his federal sentence collaterally through the instant § 2255 Motion.

Mr. Jones argues that he took several proactive steps to obtain information concerning his state sentence. Mr. Jones claims that he sent an inquiry to the Arlington County Sheriff's Office through the Federal Bureau of Prisons regarding the Arlington conviction in April 2005. Additionally, Mr. Jones submitted *pro se* petition letters requesting records and seeking to expunge the Arlington conviction to the Clerk's Office at the Arlington County Circuit Court in June, July, and September of 2005. Mr. Jones claims that the Arlington County Circuit Court delayed in responding to his petition letters, except for a summary denial of his requests to

6

vacate the Arlington conviction in October 2005. Additionally, Mr. Jones was unrepresented by counsel until 2014. Mr. Jones also asserts that the volatile nature of incarceration contributed to his inability to seek vacatur of the Arlington conviction with greater vigor prior to retaining counsel.

The Government argues that Mr. Jones's *pro se* letters were ambiguous. They were addressed to the clerk of court, not the court itself, and "did not present a legal claim that that the Arlington conviction should be vacated because Jones was denied the right to counsel or improperly tried in absentia." ECF No. 124 at 10. The Government notes that the letters were filed "more than eight months after judgment was entered in his federal case on October 6, 2004." *Id.*

Further, the Government asserts that after Mr. Jones's September 2005 letter, "nine years passed before Jones moved to vacate the Arlington conviction" and "Jones did not file a state habeas petition, or any other document in his Arlington case that the government is aware of, until nearly a decade after his federal judgment of conviction." *Id.*

The Government cites cases in which post-conviction relief was denied on due diligence grounds for failure to hire habeas counsel or failure to file a formal § 2255 motion within a timeframe comparable or less than the "ten years it took Jones." ECF No. 124 (citing *Arroyo v. United States*, 359 F. App'x 118, 121 (11th Cir. 2009); *see also Self v. United States*, Case No. 2:08cr28, 2015 WL 5330486 (W.D.N.C. Sept. 12, 2015)).

The Court concludes that Mr. Jones's actions failed to satisfy the due diligence requirement outlined in *Johnson*. Initially, Mr. Jones proactively requested that the Federal Bureau of Prisons obtain information from the Arlington County Sheriff's Office about his state

conviction, and he used several *pro se* requests in the following months.  ECF No. 105.  These actions do not satisfy the 2255 due diligence requirement.

A case with strikingly similar facts supports finding that Mr. Jones did not attempt to vacate the Arlington conviction with requisite due diligence.  In *Arroyo v. United States*, 359 F. App'x 118 (11th Cir. 2009), the defendant appealed the district court's dismissal of his § 2255 motion.  *Arroyo*, 359 F. App'x at 119. The United States Court of Appeals for the Eleventh Circuit held that the defendant:

> "ha[d] not shown that his actions qualified as due diligence.  He wrote *only six letters over three years* in an attempt to gain records, and he did not begin to correspond with the [state] clerk's office seeking those records until nine months after his federal conviction. Waiting nine months after [federal] sentencing to seek records does not show that [the defendant] acted diligently to obtain the vacatur."

*Id.* at 121 (emphasis in original).

Mr. Jones wrote only three letters, all in 2005, seeking information about his state conviction.  He did not begin to correspond with the clerk's office seeking records and information until eight months after his federal conviction.  *Id.*  Waiting eight months after sentencing to seek records fails to establish that Mr. Jones acted diligently to obtain the vacatur.

Furthermore, the Arlington County Circuit Court vacated his state conviction within a few months after Mr. Jones retained counsel in 2014 and subsequently filed his state motion for post-conviction relief.[1]  ECF No. 105.  Mr. Jones could have sought vacatur well before 2014 had he filed his state motion for post-conviction relief earlier.

The Eleventh Circuit noted that the defendant in *Arroyo* "did not file his state motion for post-conviction relief until . . . more than three-and-a-half years after the district court imposed the federal sentence that was enhanced by the state court convictions" and that, generally, "a

---

[1]  Mr. Jones's filed notices of attorney appearance on August 11, 2015.  He filed the motion to vacate the Arlington conviction on September 8, 2014.  The Arlington conviction was vacated on December 3, 2014.

delay of [that] length will negate a finding of due diligence." *Arroyo*, 359 F. App'x at 121. The delay between Mr. Jones's sentencing in October 2004 and the state motion for post-conviction relief in 2014 shows a lack of due diligence.

Mr. Jones asserts that he was unrepresented by counsel until 2014, and that his incarceration made it difficult to sustain a challenge to the Arlington conviction. He also claims that he would have attacked the Arlington conviction sooner had he been aware that anything more than a fine was imposed. ECF No. 105. However, his nine-year delay precludes a finding that Mr. Jones exercised due diligence in seeking vacatur. The Supreme Court has "never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when [§ 2255] calls for promptness." *See Johnson v. United States*, 544 U.S. 295, 311 (2005). To the contrary, a defendant "fell far short of reasonable diligence in challenging the state conviction" when he filed a state habeas petition "more than three years after entry of judgment in the federal case." *Id.*

There "is every reason to believe that prompt action would have produced a state vacatur order well over a year before [Mr. Jones] filed his § 2255 petition." *Id.* Therefore, relief under 28 U.S.C. § 2255(f)(4) is unavailable. *Id.* This Court cannot conclude that Mr. Jones exercised the requisite due diligence in seeking vacatur as soon as he was "in a position to realize he [had] an interest in challenging the [Arlington] conviction" that enhanced his federal sentence. *Id.* at 308.

C. Fundamental Defect

As noted, 28 U.S.C. § 2255(a) permits a petitioner to attack his or her federal sentence in instances of a constitutional or legal violation, a jurisdictional issue with the sentencing court, a

sentence in excess of the maximum permitted by law, or when the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255(a).

There is no indication from the record that this Court violated the United States Constitution or any federal law in the adjudication and disposition of Mr. Jones's underlying federal charge.  Jurisdiction was proper at the time of sentencing, and Mr. Jones did not receive a sentence that exceeded the statutory maximum or the guideline range set forth in the United States Sentencing Guidelines.[2]

Mr. Jones argues that his federal sentence is "otherwise subject to collateral attack" because his state conviction enhanced his federal sentence.  Mr. Jones argues that he is entitled to resentencing because the state conviction was vacated.  ECF No. 127.

Even if Mr. Jones's Motion was not time-barred, his claim for collateral relief would fail on the merits.  The alleged miscalculation of Mr. Jones's criminal history score constitutes a "non-constitutional error" that is not "otherwise subject to collateral attack" under § 2255.  *See* 28 U.S.C. § 2255(a).  A successful § 2255 petition on this basis requires proof of a "fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Newbold*, No. 10-6929, 2015 WL 3960906, at *3 (4th Cir. June 30, 2015) (internal quotation omitted).

At the time of his federal sentencing, Mr. Jones had a valid state conviction in the Arlington County Circuit Court for "driving after having been adjudicated an habitual offender," and that conviction added two points to his criminal history score.  Mr. Jones was assigned a total Offense Level of 37 and a Criminal History Category of IV, yielding a guideline range of 292 to 365 months' imprisonment.  He was sentenced to 310 months' imprisonment.  The Sentencing Guidelines were calculated and applied properly at the time of sentencing.

---

[2] 21 U.S.C. 846; United States Sentencing Guidelines Manual § 5A (U.S. Sentencing Comm'n 2015).

Mr. Jones argues that the vacatur of the Arlington conviction entitles him to resentencing under 28 U.S.C. § 2255, because subtracting the two points included in his initial criminal history calculation could result in a substantially shorter prison sentence. ECF No. 105. If the two points added by the Arlington conviction were omitted from the criminal history calculation, Mr. Jones would have a Criminal History Category of III, which would have decreased the applicable guideline range to 262 to 327 months' imprisonment.

A miscalculation of a defendant's Criminal History Category cannot be raised in a § 2255 proceeding "barring extraordinary circumstances." *United States v. Pregent*, 190 F.3d 279, 283–84 (4th Cir. 1999). A petitioner's claim of "ordinary guidelines error" is not cognizable under § 2255, and a § 2255 petition premised on such an allegation of this kind of error is subject to dismissal. *Hairston v. United States*, No. 5:12-CV-21, 2015 WL 1636174 at *5 (W.D.N.C. April 13, 2015), *appeal denied*, 614 Fed. Appx. 683 (4th Cir. 2015)]. If "[a] [p]etitioner is unable to show that the alleged error in the calculation of his guidelines range represents the type of 'fundamental' defect that 'renders the entire proceeding irregular and invalid,'" then his or her otherwise lawful and constitutional sentence is not subject to collateral attack. *United States v. Pettiford*, 612 F.3d 270, 280 (4th Cir. 2010).

The vacated state conviction does not present a "fundamental defect" or "extraordinary circumstance" that would otherwise entitle Mr. Jones to collateral relief. In *Hairston*, 2015 WL 1636174 at *3, the petitioner filed a § 2255 petition claiming that he was entitled to re-sentencing because a state court had vacated one of the prior state convictions included in the criminal history calculation. The court determined that this "non-constitutional error" did not amount to a "fundamental defect" warranting collateral relief because the additional criminal

11

history point from the vacated state conviction was immaterial. The petitioner's sentence fell squarely within the sentencing range that the petitioner sought to apply. *Id.* at *5.

Mr. Jones's 310-month sentence falls within the guideline range for defendants assigned to Criminal History Category IV (292 to 365 months), and also within the range assigned to Criminal History Category III (262 to 327 months' imprisonment), which Mr. Jones contends should have been referred to in his sentencing. The alleged "defect" in the calculation of Mr. Jones's criminal history score is, therefore, immaterial. Therefore, the vacatur of the Arlington conviction does not involve "a fundamental defect which inherently results in a complete miscarriage of justice" that would entitle him to re-sentencing under 28 U.S.C. § 2255. *See United States v. Addonizio*, 442 U.S. 178, 185 (1979). Accordingly, even if it had been timely, Mr. Jones's § 2255 Motion would have to be denied on the merits.

CONCLUSION

For the foregoing reasons, Mr. Jones's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 105) is **DENIED**.

The Court also **DENIES** a certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, because Mr. Jones has failed to demonstrate a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 335-38 (2003).

Mr. Jones is **ADVISED** that if he intends to appeal this Final Order and seek a certificate of appealability from the United States Court of Appeals for the Fourth Circuit, he must forward a written Notice of Appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia, 23510 within sixty days from the date of this Order.

The Clerk is **REQUESTED** to send a copy of this Order to Mr. Antonio Sherrod Jones and to the United States Attorney's Office in Norfolk, Virginia.

**IT IS SO ORDERED.**

Arenda L. Wright Allen
United States District Judge

Sept 6th , 2016
Norfolk, Virginia

13