Antonio Sherrod Jones, pro se
Reg. No. 55450-083
FCI Fort Dix
P.O. Box 2000
Joint Base MDL, NJ 08640

United States of America
      Respondent,

    -vs-

Antonio Sherrod Jones
      Petitioner,    /

_____/

In The United States

District Court for the

Eastern District of Va.

Civ. No. <u>2:03-172</u>

Petitioner Jones's Motion for Leave to File
for Equitable Relief from the Court's
Final Judgment under Rule 60(b)(4) and (6),
And to Reinstate his Request for
<u>Habeas Corpus Relief under § 2255</u>

      Pursuant to Rule 60(b)(4) and 96) of Fed. R. Civ. P.,
Antonio Sherrod Jones, pro se (hereinafter, "Jones") hereby
brings the foregoing motion for equitable relief from the Court's
final judgment and to reinstate his request for habeas relief
under 28 U.S.C. § 2255. The accompanied memorandum of paints and
authorities is submitted in support thereof.

      Respectfully submitted on this
28th day of January, 2017.

By: _____

In The United States District Court
For the Eastern District of Virginia

United States of America )
      Respondent, )
                  )
                  )
    -vs- )        Civ. No. 2:03-172
                  )
                  )
Antonio Sherrod Jones )
      Petitioner, )

Memorandum of Points and Authorities in
Support of Jones's Motion for Equitable Relief
from the Court's final judgment
under Rule 60(b)(4) and (6), and to Reinstate
His Request for Habeas Relief under § 2255

## I. Introduction

This memorandum of points and authorities is brought by the pro se petitioner, Jones, in support of his motion for equitable relief from the Court's final judgment under Rule 60(b)(4) amd (6) of Fed. R. Civ. P. and to reinstate his request for habeas relief under 28 U.S.C. § 2255. He succinctly states for the following reasons:

## II. Procedural Posture

On January 27, 2000, Jones was convicted of driving after having been adjudicated a habitual offender, an Arlington,

1

Commonwealth of Virginia offense.  On January 14, 2004, Jones pled guilty in the United States District Court for the Eastern District of Virginia to narcotics-related charges under 21 U.S.C. §§ 846 and 841 (b)(1)(A)(ii)(II); (b)(1)(A)(iii).  The probation department attributed two criminal history points for the January 27, 2000 Arlington, Virginia conviction and increased Jones's criminal history category scoring from category III to IV, to determine the outcome of his federal sentence.

On October 6, 2004, the Federal Sentencing Court adopted the information ascertained in the presentence report and sentenced Jones to 310 months or 25 years and 10 months, followed by five years of supervised release.

In September, 2014, Jones used the Va. Code Ann. § 19, 2-160 to collaterally attack his January 27, 2004 Commonwealth of Virginia misdemeanor traffic conviction based on the premises that the State conviction was obtained in violation of Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed. 2d 299 (1969), and U.S. v. Crosby, 506 U.S. 255, 113 S.Ct. 748, 122 L.Ed. 2d 25 (1993), because he was tried without counsel and in his absence and therefore the prior Virginia traffic convictions were Constitutionally infirm.

On December 31, 2014, the Arlington County Circuit

2

Court conceded to Jones's constitutional allegations and the State of Virginia chose not to object. Thereinafter, the Court vacated Jones's conviction, nunc proc tunc. Having invalidated the unconstitutional prior conviction which increased his criminal category from III to IV, Jones sought to vacate, set aside, or correct his federal sentence on December 31, 2015, under 28 U.S.C. § 2255. On September 6, 2016, the § 2255 Court procedurally denied Jones access to the Court as untimely, for allegedly failing to demonstrate "due diligence" in seeking vacatur of the state conviction and because Jones allegedly failed to show a "fundamental defect" in the outcome of his federal sentence, by the increase  in his criminal history scoring, although his sentence exceeds the applicable guidelines range.

The September 6, 2016 § 2255 court denied Jones's request for habeas relief under § 2255 and a related Certificate of Appealability (COA). Jones timely filed an appeal. The case is currently pending appellate review in the Court of Appeals for the Fourth Circuit. The foregoing rule 60(b) motion supervenes the aforementioned proceeding(s).

## III. The Facts

In its response to Jones's original § 2255 pleading,

3

the government impugned that his habeas complaint was untimely because he was unable to show he exercised the requisite "due diligence" in seeking the vacatur of the Arlington conviction. The government also argued that Jones's § 2255 motion failed to present a cognizable ground for relief under § 2255, because the relevant consequences of the successfully vacated Arlington conviction did not create a fundamental defect that would have entitled Jones to resentencing. Id.

On September 6, 2016, the § 2255 Court subsequently adopted the government's allegations in its entirety, and ordered the denial of Jones's request for habeas relief under § 2255 (Court's Order, Id. @ 3, 7-12)

## IV. Arguments

As a preliminary matter, Jones maintains that the § 2255 court denied him procedural due process, when it committed structural and procedural errors, by first deciding that he failed to exercise the required due diligence in seeking vacatur of the prior Arlington conviction, by assuming that Jones failed to show a fundamental defect in the increase in his criminal history scoring, which exceeds the applicable guidelines range as a result of the Arlington prior conviction; by not conducting an evidentiary hearing; and by not issuing a COA.

4

Where as here, Jones can and will demonstrate that his current Rule 60(b) motion is timely; merits to his underlying defense insofar as his prior Arlington conviction is constitutionally void; the denial of structural and procedural due process; lack of unfair prejudice to the government; and exceptional circumstances, as a whole - he should be entitled to the required Rule 60(b) relief, respectively.

## A. Legal Standards

To come under the purview of Rule 60(b), of the Federal Rule of Civil Procedure, Jones must make a showing that his motion was filed within a reasonable time, that he has a meritorious defense or legal position in spite of an earlier ruling by the Court or . . . that there is a lack of unfair prejudice to the government, and that exceptional circumstances exist. See Wemer v. Carbo, 731 F.2d 204, 207 (4th Cir. 1984) (citing Compton v. Alton Steamship Co., 608 F.2d 96, 102 (4th Cir. 1979)

Rule 60(b) is the "catchall" provision of the rule in that a district court may grant relief for any reason other than the enumerated reasons found in subsections (1)-(5) that justifies relief from the operation of a judgment. Id. Fed. R.

Crim. P Rule 60(b).  See also, <u>U.S. v. Winestock</u>, 340 F.3d 200, 206-07 (4th Cir. 2003)  "If a Petitioner files a motion directly attacking his conviction or sentence, such motion will usually amount to the functional equivalent of a habeas Petition."  <u>Id</u>. at 206.  However, "where the motion seeks a remedy for some · defect in the collateral review process," then it is properly formed as a Rule 60(b) motion to reconsider and a district court may address it on its merits.  <u>Id</u>. at 207.

B. The § 2255 Court Denied Jones Procedural
   Due Process when it Committed Structural
   And Procedural Errors, and by Applying
   An Incorrect Legal Standard to Support
   <u>Its Erroneous Decision-Making</u>

The § 2255 Court's decision-making was procedurally unreasonable, because the Court committed procedural error when it failed to apply the "due diligent - telling excpption" under 28 U.S.C. § 2255(F)(4), and by misapplying the legal standard of the procedural rule enunciated in <u>Johnson v. U.S.</u>, 544 U.S. at 302, 309 (2005).  The court erred insofar as determining that Jones failed to satisfy the necessary exercise in "due diligence," and in seeking an order vacating his prior Arlington State conviction used to enhance his Federal sentence.  See also, <u>Powell v. U.S.</u>, 452 F. Supp. 2d 634, 639 (D. Md. 2006).  Although the Fourth Circuit has yet to rule on the issue, other circuits have held that § 2255(F)(4) does not require maximum feasible

6

diligence, but only "due or reasonable diligence.'" Due diligence therefore does not require a prisoner to undertake repeated exercises in futility or to exhaust every imaginable option, but rather to make reasonable efforts. Aron v. U.S., 291 F.3d 708, 712 (11th Cir. 2002) (citing, Wims v. U.S., 225 F.3d 186, 190 n.4 (2nd Cir. 2000).

To the extent that Jones made "due" or at least, a "reasonable" effort to attack his illegal sentence. Both to the Arlington Circuit Court and for the second time using § 2255(F)(4), after he became aware that the prior conviction was constitutionally void and later vacated, this court deprived Jones of procedural due process when it denied his § 2255 Petition  as time barred and misapplied the procedural rule in support of the legal standard outlined in Johnson, supra.

Moreover, this § 2255 Court misapplied the well-settled legal rationale set forth by the Fourth Circuit in U.S. v. Askinsade, 686 F.3d 248, 252 (4th Cir. 2012). Whereby, there was "no reason" for Jones to have challenged the validity of the prior Arlington conviction any time earlier, because when he received late notice of the conviction, everything appeared accurate up until he learned about the unconstitutionality of the conviction, by which he was adversely affected from its collateral consequences in the erroneous calculation of his

7

federal criminal history scoring under the sentencing guidelines.

In Akinsade, the Fourth Circuit granted the writ of error coram nobis where where, inter alia, Akinsade demonstrated that valid reasons existed for not challenging a prior conviction which affected his deportation status earlier where he showed that until he was physically detained by immigration authorities, he had "no reason" to challenge that conviction as a result of his attorney's misadvice, because up until that point, everything appeared accurate. Id. at 348.

Similarly, § 2255 (F)(4) is not a tolling provision that extends the length of the available filing time by excluding certain periods that post-date the start of the limitations clock from the calculation of how much time has run. Rather, it resets the limitations period beginning date moving it from the time when the conviction became final. See, § 2255(1), to the later date on which the particular claim accrued. See Smith v. McGimnis, 208 F.3d at 15 (2nd Cir. 2000). Thus, according to Akinsade, there was "no reason" for Jones to have attempted to challenge the validity of the Arlington conviction earlier, simply because he did not know of any inaccuracies until the incorrect application of his federal criminal history points accrued. Especially, since the Arlington Circuit Court's clerk "never" provided Jones with a notice of the Court's disposition

8

or order, and having been tried in his absence without an attorney.  Simply put, Jones would not have challenged a prior conviction of which he had no knowledge.

The "procedural" violations expressed above are exceptional circumstances enabling this Rule 60(b) court, to address the merits of Jones's underlying claims, and for the reasons which follows that may not be enumerated in subsection (1)-(5) of Rule 60(b).  Such that, § 2255 relief is otherwise available.

C. The § 2255 Court Denied Jones Procedural
   Due Process when it Committed Procedural
   Error by Applying the Incorrect Legal
   Standard to the Procedural Rules
   Outlines in Crosby and Gideon

It is well-settled that the chief objective of federal collateral review is to ensure that trial and appellate courts throughout the land . . . conduct their proceedings in a manner consistent with established legal standards.  Teague v. Lane, 489 U.S. 288, 309, 109 S.Ct. 1060, 103 L.Ed 2d 334 (1984).  See also, Lynch v. Delco,789 F.3d 303, 317 (2nd Cir. 2015) (reversing district court's denial of habeas relief where district court applied an incorrect legal standard in deciding whether prejudice resulted from counsel's ineffectiveness and by failing to conduct an evidentiary hearing).  Consistent with this goal, "collateral

review is ordinarily available to correct violations of long-established . . . rights, but not to overturn the outcome in cases where the trial judge and jury faithfully applied existing . . .laws."  See <u>Engle v. Isaac</u>, 456 U.S. 107, 178 n.33, 102 S.Ct. 1558, 71 L.Ed. 2d 783 (1982).

Jones contends that, the § 2255 court committed structural and procedural error when it applied an incorrect legal standard regarding the well-established procedural rules outlined in <u>Crosby</u> and <u>Gideon</u>, supra, which protects a defendant from unconstitutionally being forced into being tried in his/her absence without an attorney, but was later exonerated.  "If a prior conviction is vacated due to a finding by the appellate court that the trial court committed errors of law or that subsequently discovered evidence exonerated the defendant, the prior conviction is not to be counted in the criminal history calculation.  Cf, U.S.S.G. § 4A1.2 com. (n.6).

In <u>Tucker v. U.S.</u>, 404 U.S. 443 (1992) the Supreme Court required reconsideration by the District Court of a prisoner's sentence whenever the sentence imposed "might have been different if the sentencing judge has known that one or more of the prisoner's previous convictions had been unconstitutionally obtained." <u>Id</u>. at 448.

10

In <u>Gideon</u>, the Supreme Court held that the Sixth Amendment right to counsel makes it uncosntitutional to try a person for a felony in state court unless he had a lawyer or had validly waived one. <u>Burgett v. Texas</u>, 389 U.S. 109, 114, 88 S.Ct. 258, 19 L.Ed 2d 319 (1967).  In <u>Burgett</u>, the court extended its holding in <u>Gideon</u>, concluding that a conviction obtained in violation of <u>Gideon</u> cannot be used to either support guilt  or enhance punishment for another subsequent offense.  See <u>Burgett</u>, 389 U.S. at 115.  "when an otherwise qualified habeas petitioner can demonstrate that his current sentence was enhanced on the basis of a prior conviction that was obtained where there was a failure to appoint counsel in violation of the Sixth Amendment, the current sentence cannot stand and habeas relief is appropriate.  <u>Lackawanna County Dist. Attorney v. Coss</u>, 532 U.S. 394, 404, 121 S.Ct. 1567, 149 L.Ed 2d 608 (2001).

In <u>Nelson v. Time Warner Cable, Inc.</u>, 183 L.Ed 2d 653 (2012), the Supreme Court held that, a COA should have issued, because "an accused's right to be present at his own trial is among the most 'Fundamental rights' our Constitutional secures." <u>Id</u>. (citing, <u>U.S. v. Crosby</u>, 506 U.S. 255 (1993)).  The <u>Nelson</u> court held that the constitutional issue of being tried in his absence was adequate enough to deserve encouragement to proceed further, granted the writ of certiorari, and summarily reversed the judgment of the district court and the Fourth Circuit,

denying <u>Nelson</u>, a COA.  <u>Id</u>.


Having established that the § 2255 court failed to apply the correct legal standard to its procedural rulings regarding the vacatur of the Arlington prior conviction, it can be said that the Court denied Jones procedural due process when it determined that the motion was time barred and was absent a fundamental defect, in light of <u>Crosby</u>, <u>Gideon</u>, <u>Tucker</u>, <u>Nelson</u>, and <u>Burgett</u>, supra.


For these reasons, this Court should issue the Rule 60(b) motion and reinstate Jones § 2255 proceeding, to rule on the underlying merits of his claims set forth therein.


D. The § 2255 Court's Decision not
   to Conduct an Evidentiary Hearing
   or Issue a COA was "Tainted" by
   <u>It's Structural and Procedural Errors</u>


The § 2255 Court's decision not to conduct an evidentiary hearing or issue a COA was "tainted" by its structural and procedural errors.  The errors occurred when the Court decided that Jones was time barred, because he failed to exercise the necessary "due diligence" in seeking vacatur of the Arlington prior conviction in question and/or shows a fundamental defect, as a result thereof.


12

Unless it is clear from the pleadings, files and records that a prisoner is not entitled to relief § 2255 makes an evidentiary hearing mandatory.  28 U.S.C. § 2255.  See, <u>Raines v. U.S.</u>, 423 F.3d 526, 529 (4th Cir. 1970).  An evidentiary hearing in open court is required when a movant presents a colorable Sixth Amendment claim showing disputed facts beyond the record or when a credibility determination is necessary in order to resolve the issue." <u>U.S. v. Ray</u>, 547 Fed. Appx. 343 (4th Cir. 2013) (citing, <u>U.S. v. Witherspoon</u>, 231 F.3d 923, 926-27 (4th Cir. 2000)).

Pursuant to his <u>Crosby</u> and <u>Gideon</u> underlying claims following the vacatur of his prior Arlington conviction, Jones was capable of establishing that he had the requisite "meritorious evidentiary basis," necessary for an evidentiary hearing under Rule 8(a) of the Rules governing § 2255 proceedings.  Jones provided the § 2255 Court with materially disputed facts in support of conflicting affidavits.  "The district court's determination as to whether to hold a hearing under § 2255 and whether petitioner is required to be present at the hearing is reviewed for abuse of discretion." <u>Raines</u>, 423 F.2d at 529-30.

Notwithstanding the Court's wide discretion in the matter, "there will remain, however, a category of petitions,

13

usually involving credibility that will require an evidentiary hearing in open court." Raines, at 530. "When the issue is one of credibility resolution on the basis of affidavits can rarely be conclusion." Raines, at 530. The constitutionality of the Arlington prior conviction required a credibility determination to resolve whether Jones's substantial rights were affected and therefore whether the erroneous use of the prior conviction resulted in a miscarriage of justice. Hence, the court's structural and procedural errors as described above, "tainted" its decision to rule on the underlying merits of Jones's colorable constitutional Crosby and Gideon claims under the auspices of an evidentiary hearing, despite the clear showing of material facts in dispute, necessitating a credibility determination in order to resolve the claims.

The Court's structural and procedural errors also "tainted" its decision to properly determine whether there was a "fundamental defect" in the calculation of Jones federal criminal history scoring, irrespective of the vacatur of the prior conviction in question. The Court posits that, although the prior conviction was vacated, no major changes occurred with respect to Jones criminal history scoring which made a difference in his applicable guideline range calculation. Conversely, Jones believes that the difference is significant by reducing his guideline range from category IV to III, range 292-362 to 262-

14

327 months.  At range 262-327, Jones is susceptible of being sentenced below the 310 month sentence he is currently serving upon resentencing.

Moreover, had the Court conducted the necessary evidentiary hearing, it would have discovered that not only was the vacated Arlington prior conviction constitutionally infirm, at least three other of Jones's four remaining prior state convictions were, as well void, and should not have been used to calculate his criminal history scoring.  For example, Jones had a total of six prior state convictions listed in his criminal history category, for which the court relied upon to compute his criminal history scoring:

1. September 4, 1991.  Trespass, 30 days suspended for 12 months, $50 fine

2. February 5, 1992.  Failure to appear. 5 days jail time, suspended for 12 months good behavior.

3. January 4, 1995. Concealed weapon. 10 days jail time, suspended for 12 months.

4. March 18, 1996.  Possession of marijuana.  Case dismissed (never pled guilty).

15

5. December 14, 1999. Driving while license suspended. 30 days jail time - 28 days suspended for 12 months good behavior. $50 fine.

6. January 27, 2000.  Driving after having been adjudicated a habitual offender.  90 days jail time.  $2,500 fine plus court costs.  Later vacated.

But for exception of the January 4, 1995 concealed weapon offense, at least four other of Jones's prior convictions were not cognizable for purposes of calculating his criminal history category.  Pursuant to U.S.S.G. § 4A1.2, in order to apply criminal history points to either of the four-remaining prior convictions in question, Jones was required to have received a prior sentencing term of probation of at least one year or a term of imprisonment of at least thirty days, or the prior offense was similar to the instant offense.  Id. § 4A1.2(c)(1).  Neither of Jones's four prior convictions or offenses fits the § 4A1.2 descriptions: namely, the September 4, 1991 trespass; the Feb. 5, 1992 failure to appear; the Mar. 18 1996 possession of marijuana; or the Dec. 14, 1999 driving while license suspended.

For the trespass, Jones received or served no time in

16

prison.  For the Failure to Appear, Jones served only 5 days in jail.  For the Possession of marijuana, Jones served absolutely no time in prison again, because the case was dismissed and Jones did not plead guilt or admit his guilt as required under U.S.S.G. § 4A1.2(F), and as the probation as the probation officer wrongly alleged.  for the driving while license suspended, 28 days of a 30 day sentence was suspended and Jones only served two days jail time.

Jones received one criminal history point for each of the four prior convictions named above.  Had the court not applied the four additional points, along with excluding the two points for the subsequent vacated Arlington prior traffic violation conviction, Jones would have had only one criminal history point in category I.  Therefore, contrary to the § 2255 court's finding, Jones would have shown a "fundamental defect" in the calculation of his criminal history scoring, had the court conducted an evidentiary hearing.  See Exhibits A-D attached hereto.

Based on the structural and procedural errors as described above, Jones § 2255 proceeding was procedurally unreasonable, and this Court should consider reinstating said proceeding, or at least conduct an evidentiary hearing to determine such habeas relief should be granted.

17.

## V. Conclusion

Jones prays that this motion is granted.

Submitted by,

## VI. Declaration

I hereby declare under the penalty of perjury that the foregoing statements of facts is true and correct to the best of my knowledge.  28 U.S.C. § 1746.

Dated: _1-28-17_   ;          Signature: _____

## VII. <u>Certificate of Service</u>

I hereby certify that on this 28th day of January, 2017, true copies of the foregoing were mailed to the United States District Court for the Eastern District of Virginia.

Respectfully submitted,

cc: U.S. Attorney's Office
    8000 World Trade Center
    101 W. Main St.
    Norfolk, VA 23510-1624

19

**VIRGINIA UNIFORM SUMMONS**

98-25637

**SUFFOLK POLICE DEPARTMENT**

CASE 99008117

ATTORNEYS PRESENT:

☐ PROSECUTING ATTORNEY (NAME)

DEFENDANT WAIVED ATTORNEY

☐ DEFENDANT'S ATTORNEY (NAME)

☐ NO ATTORNEY
☐ ATTORNEY WAIVED

THE ACCUSED WAS THIS DAY:
☐ TRIED IN ABSENCE
☑ PRESENT

THE ACCUSED PLEADED:
☐ NOT GUILTY
☐ NOLO CONTENDERE
☐ GUILTY   ☐ PREPAYMENT

AND WAS TRIED AND FOUND BY ME:
☐ FINDING SUFFICIENT DEFERRED §
☐ NOT GUILTY
☑ GUILTY AS CHARGED
☐ GUILTY OF

IN ADDITION I FIND THE ACCUSED WAS:
☐ DRIVING A COMMERCIAL MOTOR VEHICLE
☐ CARRYING HAZARDOUS MATERIALS
☐ I ORDER THE CHARGE DISMISSED
☐ I ORDER A NOLLE PROSEQUI ON COMMONWEALTH'S MOTION

I IMPOSE THE FOLLOWING SENTENCE:
☑ FINE ☐ CIVIL PENALTY OF $ 50— WITH $ _____ SUSPENDED.
☐ DRIVER'S LICENSE SUSPENDED EFFECTIVE IN TEN (10) DAYS IF FINES/COSTS NOT PAID IN TEN (10) DAYS. § 46.2-395.
☑ JAIL SENTENCE OF 30 days WITH 28 days SUSPENDED CONDITIONED UPON BEING OF GOOD BEHAVIOR AND KEEPING THE PEACE.
☐ ON PROBATION FOR _____
☑ DRIVER'S LICENSE SUSPENDED: 30 days
☐ RESTITUTION OF _____ PAYABLE TO _____ BY _____ AS CONDITION OF SUSPENDED SENTENCE
☐ OTHER:

JUDGE

APPEAL BOND $ _____ ☐ APPEAL NOTED ON _____ ☐ APPEAL WITHDRAWN

YOU ARE SUMMONED TO APPEAR IN THE (CITY OF / COUNTY OF)

**CITY OF SUFFOLK**

☑ GENERAL DISTRICT COURT (TRAFFIC)
☐ GENERAL DISTRICT COURT (CRIMINAL)
☐ JUVENILE & DOMESTIC RELATIONS DISTRICT COURT

150 524 NORTH MAIN STREET

ON JUNE 22 , 19 99 AT 0900 ☑ A.M. ☐ P.M.

FOR VIOLATION OF ☐ STATE ☐ COUNTY ☑ CITY ☐ TOWN

LAW SECTION 86.1 (46.2-357)

DESCRIBE CHARGE: Revoked Habitual Offender Due to Suspended OL.

☐ COMMERCIAL MOTOR VEHICLE ☐ HAZARDOUS MATERIALS

I PROMISE TO APPEAR AT THE TIME AND PLACE SHOWN ABOVE. SIGNING THIS SUMMONS IS NOT AN ADMISSION OF GUILT. I CERTIFY THAT MY CURRENT MAILING ADDRESS IS AS SHOWN BELOW.

X Antonio Jones
SIGNATURE

YOU MUST APPEAR AT TRIAL (JUVENILES MUST APPEAR WITH PARENT/LEGAL GUARDIAN).

☐ YOU MAY AVOID COMING TO COURT ONLY IF THIS BLOCK IS CHECKED AND ALL INSTRUCTIONS ON DEFENDANT'S COPY ARE FOLLOWED.

General District   Juvenile
ONLY CALL 925-1361 Or 934-1523 IF MORE HELP IS NEEDED.

MAILING ADDRESS: ☑ SAME AS ABOVE AT RIGHT   P.O. BOX/STREET
☐ CHANGE FROM D.L.

| NAME: LAST | FIRST | MIDDLE |
|---|---|---|
| JONES | ANTONIO | |

RES. ADDRESS: 228 APT F Chowan Dr   RES. JURIS. 119

CITY/TOWN Portsmouth   STATE VA   ZIP 23701

| RACE | SEX | D.O.B. | HT. FT. IN. | WGT | EYES |
|---|---|---|---|---|---|
| B | M | | 5 7 | 160 | BRN |

DL: 223-11-   STATE VA

VEH: 93 Lexus 202 YVC-2427   YEAR 00   STATE VA

6-16-99   WED   2025 A.M.

| DIRECTION | ACCIDENT YES (NO) | WEATHER | ROUTE NUMBER / STREET |
|---|---|---|---|
| N | | RAIN | Respass Bch |

LOCATION OF OFFENSE: Respass Bch / Burbage Dr

ARREST DATE 6-16-99   ARREST LOCATION SAME

OFFICER P.L. Sessoms   CODE/BADGE NO 262

CITY/TOWN   STATE

110/201 FINE PIAS
114/182/217 CIVIL PENALTY   $
112 PROCESSING FEE
140 _____
229 CHMF
12 TIA FEE
132 CICF
120/217 CT. APPT. ATTY.
113 WITNESS FEE

TOTAL   $ 98

HEARING DATE AND TIME
7/29/99
7-29-99
8-26-99
9-21-99
10-22-99
12-14-99

VALIDATE CASE MUST APPEAR

IF NOT PAID BY THE ABOVE DATE THE CASE IS BACK IN COURT ON

40 DAY PAY: DUE 1-25-00
SUFFOLK GENERAL DISTRICT COURT

109 INTEREST CHARGE $

TO ISSUE FAILURE TO APPEAR WARRANT

DATE PAID   RECEIPT NO

COURT COPY - PAGE 1   VUS REV. 7-1-95

**EXHIBIT "S"**

IN THE CIRCUIT COURT OF THE CITY OF NORFOLK

TRIAL DATE. __3/18/95__

MISDEMEANOR TRIAL ORDER

NAME. JONES, ANTONIO SHURKOO        DOCKET NO. 95000591

SEX. M   RACE. B   DOB.        SSN.

ADDRESS  0022H   CHOWAN   DR   PORTSMOUTH   VA 23701

DEFENSE ATTORNEY.                    CA/P/W.

CHARGE. VIO.SEC. 18.2-250.1     (X) C.C.  ( ) C.C.

POSSESSION OF MARIJUANA

PLEA.    ( ) NOT GUILTY              ( ) JURY WAIVED

( ) GUILTY AS CHARGED

( ) GUILTY TO AMENDED WARRANT

VIO.SEC.------------------------------- ( ) S.C.  ( ) C.C.

_1st off   FUA   ⟹   1yr. s.b.   3/18/96_

FINDING.   ( ) GUILTY        ( ) NOT GUILTY (ACQUITTED)

SENTENCE.   ( ) --------- HOURS/DAYS/WEEKENDS/MONTHS JAIL.

( ) JAIL SUSPENDED. ON ------- MOS/YRS GOOD BEHAVIOR

( ) DRIVER'S LICENSE SUSPENDED ---------- DAYS/MONTHS

( ) FINE        $ 100.00
( ) COSTS       $ 86.52
                  10.00
( ) C/A ATTORNEY  $ 50.00
( ) TOTAL       $ 246.52

( ) ALLOWED UNTIL __6-22-95__ TO PAY FINE/COSTS

( ) WARRANT DISMISSED/NOLLE PROSEQUI

C.C.NO.-----------

_____
C&P      JUDGE

EXHIBIT "V"

VIRGINIA:

In the Circuit Court of the City of Norfolk

Trial Date: 3-18-96

MISDEMEANOR TRIAL ORDER

NAME: JONES, Antonio S.          NO. 950006MD1

SEX: M  RACE: B  DOB: 4-7  SSN: 223.

ADDRESS: 228 Chowan Dr., Portsmouth, VA 23701

REPRESENTED BY: Kenneth Melvin

(X) RETAINED  ( ) COURT APPOINTED  ( ) WAIVED

CHARGE VIOLATION SECTION: 18.2-250.1 (X)S.C ( )C.C

Poss Marijuana

PLEA:  ( ) NOT GUILTY          ( ) JURY WAIVED

( ) GUILTY AS CHARGED          ( ) TRIED IN ABSENTIA

( ) GUILTY TO AMENDED WARRANT:

VIOLATION SECTION: _____ ( ) S.C.( ) C.C.

FINDING:  ( ) GUILTY          ( ) NOT GUILTY-ACQUITTED

SENTENCE:  ( ) _____ DAYS/MONTHS JAIL

( ) JAIL SUSPENDED ON _____ MOS/YRS. UNSUP/SUP PROB

( ) DRIVER'S LICENSE SUSPENDED _____ DAYS/MONTHS/YRS.

( ) FINE        $_____ W/ $_____ SUSPENDED

( ) COSTS       $_____

( ) C/A ATTORNEY  $_____

( ) L/C ATTORNEY  $_____

( ) LAB REPORT    $_____

( ) TOTAL        $_____

( ) DUE DATE     _____

( ) ABSTRACT TO DMV

( ) ENTER JUDGMENT

(X) WARRANT/SUMMONS: NOLLE PROSEQUI/DISMISSED  under 1st offender

ENTER NO. _____

-ad/pmw

JUDGE

9

CORRECTED

**ORDER IN MISDEMEANOR OR TRAFFIC INFRACTION PROCEEDING**
PORTSMOUTH CIRCUIT COURT

Case No. CR92000174-00

COMMONWEALTH OF VA

v.

ANTONIO SHERRROD JONES

228 CHOWAN DRIVE, APT. F

PORTSMOUTH, VA 23701

**COMPLETE DATA BELOW IF KNOWN**

| RACE | SEX | BORN | | | HT. | | WGT | EYES | HAIR |
|---|---|---|---|---|---|---|---|---|---|
| | | MO | DAY | YR | FT | IN | | | |
| B | M | 04 | 14 | | | | | | |

SSN:

OCTOBER 10, 1991 — OFFENSE DATE

FEBRUARY 5, 1992 — TRIAL DATE

This Order Corrects the amount of time suspended.

The Defendant was this day [ ] tried in absence [X] present

Attorney: ........................................... [ ] Appointed [ ] Retained

Original Charge: F.T.A. .......................................

Code Section: 19.2-128 ....................................... [X] State Code [ ] Local Ordinance

Virginia Crime Code: ....................................... Offense Tracking Number: .......................................

**Plea:**
[ ] Not Guilty
[X] Guilty as Charged
[ ] Guilty to Amended Warrant
[ ] Nolo Contendere

[ ] Consent by Defendant to Waiver of Jury
[ ] Concurrence of Court and Commonwealth's Attorney
[ ] Plea voluntarily and intelligently entered after defendant was apprised of his right against compulsory self-incrimination, right to confront the witnesses against him, and right to a jury trial.

Charge: F.T.A. .......................................

Code Cite: 19.2-128 ....................................... Virginia Crime Code: .......................................

**Finding:**
[ ] Not Guilty        [ ] Guilty of .......................................
[X] Guilty as Charged        [ ] Plea Agreement Accepted        [ ] Appeal/Withdraw/Affirm
[ ] Facts sufficient to find guilt but defer adjudication/disposition to .......................................
DATE AND TIME

Charge: F.T.A. .......................................

Code Cite: 19.2-128 ....................................... Virginia Crime Code: .......................................

**Order:**
[ ] Nolle Prosequi    [ ] Dismissed    [ ] Dismissed with Prejudice
[ ] FINE [ ] CIVIL PENALTY of $ .................. with $ .................. suspended. [ ] Costs imposed.
[X] JAIL SENTENCE of 5 DAYS .......................................... imposed, [ ] of which ....... days mandatory minimum, with ALL EXCEPT FOR TIME ALREADY SERVED suspended for a period of ........................................, conditioned upon being of good behavior, keeping the peace, and obeying this order and for paying fines and costs. Credit is allowed pursuant to § 53.1-187 for time spent in confinement.
[X] Serve jail sentence beginning 08/02/2007 ......................... [ ] on weekends only
[ ] Work release    [ ] authorized if eligible    [ ] required        [ ] Public work force    [ ] authorized
                [ ] not authorized                        [ ] not authorized
[ ] on PROBATION for ....................................... [ ] VASAP [ ] local community-based probation agency
[ ] DRIVER'S LICENSE suspended for ...... years ...... months ...... days
[ ] Restricted Driver's License per attached order        [ ] Ignition Interlock for .......................................
[ ] CIVIL REMEDIAL FEE, § 46.2-206.1, payment due to court $ ..................; second equal payment to DMV due 14 calendar months from date of conviction; third equal payment to DMV due 26 months from date of conviction.
[ ] RESTITUTION of $ .................. due by ....................... payable to ....................................... with interest thereon from ....................... [ ] date of loss or damage [ ] today's date [ ] as condition of suspended sentence
[ ] COMMUNITY SERVICE ........ hours to be completed by .................. and supervised by ....................................... [ ] to be credited against fines and costs
[ ] Contact prohibited between defendant and victim/victim's family or household members
[ ] Reimburse Commonwealth for investigatory medical fees        [ ] Pay $50 fee to the Court for Trauma Center Fund
[ ] Other: .......................................
[ ] Registration pursuant to Code § 9.1-903 for offenses defined in § 9.1-902 is required.
[ ] Remanded for [ ] CCRE Report [ ] .......................................
[ ] Bail on Appeal $ .......................................

DRIVER'S LICENSE/PRIVILEGE TO DRIVE IN VIRGINIA SUSPENDED EFFECTIVE IN 15 DAYS IF FINES, CIVIL REMEDIAL FEE, COSTS, FORFEITURES, PENALTIES OR RESTITUTION ARE NOT PAID. Va. Code § 46.2-395.

Nunc Pro Tunc - 2/5/92

8/6/07 DATE

A copy, Teste: Cynthia P. Morris Clerk of the Circuit Court of the City of Portsmouth, Virginia

By: ....................... D.C.

JUDGE

FORM CC-1392 MASTER 7/07

**EXHIBIT "R"**



Federal Correctional Institution
P.O. Box 2000
Joint Base MDL, NJ 08640-5433

Trenton PM&C NJ 086

U.S. MARSHALS
INSPECTED

Clerk of Court
United States District Court
Eastern District of Virginia
600 Grandy Street
Norfolk, Virginia 23510



FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 2000
FORT DIX, NJ 08640

The enclosed letter was processed through special mail procedures. This letter has been neither opened nor inspected. If the writer raises a question or problem over which this facility has jurisdiction, you may wish to return the material. If the writer encloses correspondence for forwarding to another address or includes unauthorized items, please return to the above address.