UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

UNITED STATES OF AMERICA,

v.

ANTONIO SHERROD JONES,

Petitioner.

Criminal No. 2:03-cr-172

## ORDER

Before the Court is Petitioner Antonio Sherrod Jones' *pro se* Motion for Relief from Judgment (ECF No. 136), brought pursuant to Federal Rule of Civil Procedure 60(b)(6). His Motion follows the Court's Order (ECF No. 130) denying his earlier Motion to Vacate Under 28 U.S.C. § 2255. Because the instant Motion reiterates a legal argument already advanced and rejected by the Court, it is improper under Rule 60(b) and, accordingly, must be denied.

## I.   BACKGROUND

Mr. Jones' claims stem from his 2004 guilty plea to federal charges of Conspiracy to Distribute and Possess with Intent to Distribute Five Kilograms or More of Cocaine and Fifty Grams or More of Cocaine Base. *See* Plea Agreement (ECF No. 33). For these offenses Mr. Jones was sentenced to a term of 310 months' imprisonment, followed by five years of supervised release. *See* Criminal Judgment (ECF No. 38). When the Court computed his criminal history category for sentencing, Mr. Jones received two criminal history points for an Arlington, Virginia conviction, which was vacated by the Arlington court in 2014. Mr. Jones raised this issue previously in a Motion to Vacate Under § 2255 (ECF No. 105), which the Court

1

rejected. *See Jones v. United States*, No. 2:03-cr-172, slip op. at 5-13 (Sept. 6, 2016). Mr. Jones filed a timely appeal of the Court's Order, which is now pending before the United States Court of Appeals for the Fourth Circuit. *See Jones v. United States*, No. 16-7509 (4th Cir. Nov. 1, 2016). Despite the pendency of his appeal, Mr. Jones has also filed the instant Motion to Alter or Amend Judgment under Rule 60(b)(6), with this Court.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 60(b) "authorizes a district court to grant relief from a final judgment for five enumerated reasons or for 'any other reason that justifies relief,'" under Rule 60(b)(6). *Aikens v. Ingram*, 652 F.3d 496, 500 (4th Cir. 2011) (quoting Fed. R. Civ. P. 60(b)(6)). While this "catch-all" provision "rests within the district court's equitable powers," *Nat'l Org. for Women v. Operation Rescue*, 47 F.3d 667, 669 (4th Cir. 1995) (per curiam), and "includes few textual limitations, its context requires that it may be invoked in only 'extraordinary circumstances' when the reason for relief from judgment does not fall within the list of enumerated reasons given in Rule 60(b)(1)-(5)." *Aikens*, 652 F.3d at 500 (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 n.11, 864 (1988)). "Such circumstances will rarely occur in the habeas context." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005).

## III.   ANALYSIS[1]

The instant Motion simply re-iterates bases for relief already presented—and previously rejected—in Mr. Jones' prior Motion to Vacate. *Compare* Motion for Relief from Judgment (ECF No. 136), *with* Motion to Vacate Under § 2255 (ECF No. 105). Because of this, Mr. Jones' Motion "is nothing more than a request that the district court change its mind," which "is

---

[1] Despite the pending appeal of its prior Order, the Court retains jurisdiction to deny Mr. Jones' Motion. *Fobian v. Storage Tech. Corp.*, 164 F.3d 887, 890 (4th Cir. 1999).

not authorized by Rule 60(b)." *United States v. Williams*, 674 F.2d 310, 313 (4th Cir. 1982); *see also Aikens*, 652 F.3d at 512. As the Fourth Circuit has explained, "[t]o the extent that [a] post-judgment motion [seeks] to have the district court reconsider its ruling with respect to [a specific] issue, it [is] clearly improper, because Rule 60(b) does not authorize a motion merely for reconsideration of a legal issue." *Williams*, 674 F.2d at 312; *see also Adkins v. N.C. Att'y Gen.*, 217 F.3d 837 (4th Cir. 2000) (unpublished table disposition) (upholding summary denial of a Rule 60(b) motion that merely restated argument from underlying § 2254 petition); *Robinson v. McKellar*, 872 F.2d 419 (4th Cir. 1989) (unpublished table disposition) ("In the motion for reconsideration, [petitioner] raised the same issues he raised in his habeas petition. Rule 60(b) does not authorize a motion merely for reconsideration of legal issues."); *Roberts v. U.S. Parole Comm'n*, No. 7:14-cv-233, 2015 WL 4773305, at *1 (W.D. Va. Aug. 12, 2015).

In addition to constituting an improper use of Rule 60(b), Mr. Jones' argument—far from being "extraordinary," *Aikens*, 652 F.3d at 500—is no more persuasive than when previously considered and rejected. The Court stands by its prior holding for the reasons then given. *See Jones v. United States*, No. 2:03-cr-172, slip op. at 5-12 (Sept. 6, 2016). In sum, because the Motion lacks merit and "is nothing more than a request that the court change its mind," *Williams*, 674 F.2d at 313, the Motion is unauthorized under Rule 60(b) and must be denied.

## IV.   CONCLUSION

For the reasons stated herein, Mr. Jones' Motion for Relief from Judgment (ECF No. 136) is **DENIED**. To the extent necessitated by this holding, the Court also **DENIES** the certificate of appealability required by Rule 22(b) of the Federal Rules of Appellate Procedure because Mr. Jones has failed to demonstrate a "substantial showing of the denial of a constitutional right." *See Reid v. Angelone*, 369 F.3d 363, 369 (4th Cir. 2004) (requiring certificate of appealability for merits denials of Rule 60(b) motions to alter or amend judgment),

*partial abrogation recognized by United States v. McRae*, 793 F.3d 392, 399-400 & n.7 (4th Cir. 2015).

Mr. Jones is **ADVISED** that if he intends to appeal this Order and seek a certificate of appealability from the United States Court of Appeals for the Fourth Circuit, he must forward a written Notice of Appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia, 23510 within thirty days from the date of this Order.

The Clerk is **REQUESTED** to mail a copy of this Order to Petitioner Antonio Sherrod Jones.

**IT IS SO ORDERED**.

/s/

Arenda L. Wright Allen
United States District Judge

4 . 25 , 2017
Norfolk, Virginia